# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Lexington Division**

| | |
|---|---|
| Jason Powell )<br>　*Plaintiff* )<br>　　　　　　　　　　　　　　　　　　　)<br>v. 　　　　　　　　　　　　　　　　　　)　　Case No.<br>　　　　　　　　　　　　　　　　　　　)<br>LVNV Funding, LLC 　　　　　　　　　)<br>　*Defendant* 　　　　　　　　　　　　　)<br>Serve: 　　　　　　　　　　　　　　　　)<br>　　Corporation Service Company 　　　)<br>　　2711 Centerville Road, Suite 400 　 )<br>　　Wilmington, DE 19808 　　　　　　 )<br>　　　　　　　　　　　　　　　　　　　) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

\* 　\* 　\* 　\* 　\*

### INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3. Plaintiff Jason Powell is a natural person who resides in Madison County, Ky. Mr. Powell is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant LVNV Funding, LLC ("LVNV") is a Delaware limited liability company, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debts from creditors and collecting these debts in this state. LVNV's principal place of business is located at Bank of America Building, 200 Meeting Street, Suite 206, Charleston, SC 29401-3187.

5. LVNV regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and its principal purpose is the collection of debt. Hence, LVNV is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

6. On November 3, 2013, LVNV filed suit against Mr. Powell in Madison District Court in Case No. 14-C-1314 (the "State Court Lawsuit").

7. A true and accurate copy of LVNV's complaint in the State Court Lawsuit is attached as Exhibit "A."

8. LVNV's complaint was an attempt to collect a charged-off credit card debt issued by Credit One Bank, N.A. ("Credit One").

9. LVNV moved for and was granted summary judgment against Mr. Powell on May 21, 2015 (the "Summary Judgment").

10. A true and accurate copy of the Summary Judgment is attached as Exhibit "B."

11. The Summary Judgment provides in pertinent part:

> IT IS HEREBY ORDERED AND ADJUDGED that the Plaintiff is granted Summary Judgment against the Defendant, Jason Powell, for the principal balance of $1,025.27, plus interest from date of Judgment until paid in full at the rate of 12.00% per annum, plus its court costs incurred herein.
> THIS IS A FINAL AND APPEALABLE ORDER

12. While the Summary Judgment awards LVNV "its court costs," no amount of court costs is included or set forth in the Summary Judgment.

13. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the

> successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

14. The purpose of requiring the prevailing party to file a bill of costs is twofold: (i) to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and (ii) to subject the award of costs to judicial oversight and review.

15. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

16. Under Kentucky law, a bill of costs must be filed within a reasonable time after entry of judgment. *Brett v. Media Gen. Operations, Inc.*, 326 S.W.3d 452, 460 (Ky. Ct. App. 2010).

17. A "reasonable time" to file a Bill of Costs is no more than 30 days after judgment is entered. David V. Kramer and David W. Burleigh, 7 Ky. Practice, *Civil Procedure*, Rule 54.04 (online version accessed March 3, 2017).

18. LVNV did not file a bill of costs in the State Court Lawsuit.

19. LVNV did not serve a bill of costs on Mr. Powell.

20. There is no supplemental judgment entered in the State Court Lawsuit awarding LVNV costs.

21. On May 12, 2017, LVNV filed and served a wage garnishment on Mr. Powell's employer (the "Wage Garnishment").

22. A true and accurate copy of the Wage Garnishment is attached as Exhibit "C."

23. The Wage Garnishment provides in pertinent part:



24. The "Amount Due" of $1,444.69 stated as due and owing on the Summary Judgment in the Wage Garnishment includes self-awarded court costs that LVNV has no legal right to collect from Mr. Powell.

25. The "Probable Court Costs" of $20.00 consists of self-awarded court costs for which no Bill of Costs was filed and that LVNV has no legal right to recover from Mr. Powell, and/or of statutory fees that are not recoverable court costs under Kentucky law.

26. LVNV violated the FDCPA by misrepresenting the amount of the Credit One credit card debt and by collecting and attempting to collect additional fees and costs from Mr. Powell that it had no legal right to collect from him.

## Claims for Relief

I.  **Violations of the FDCPA**

27. The foregoing acts and omissions of LVNV Funding, LLC constitute violations of the FDCPA, including, but not limited to violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jason Powell requests that the Court grant him the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207

-4-

      Tel:    (502) 473-6525
      Fax:   (502) 473-6561
      james@kyconsumerlaw.com

Case: 5:17-cv-00314-DCR-REW   Doc #: 1   Filed: 07/28/17   Page: 5 of 5 - Page ID#: 5